# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **FRANCIS LEO STADLER, JR.,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **NO. 1:20-CV-219-P** |
| | § | **(NO. 1:19-CR-070-P)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Francis Leo Stadler, Jr., Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 1:19-CR-070-P, styled "United States v. Francis Leo Stadler, Jr., et al.," and applicable authorities, finds that the motion should be **DENIED**.

## BACKGROUND

On July 10, 2019, Movant was named in a five-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846; in count two with possession with intent to distribute 50 grams or more of methamphetamine (actual) on or about December 19, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); and in count three with possession with intent to distribute 50 grams or more of

methamphetamine (actual) on or about February 28, 2019, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). CR Doc.[1] 3. Movant originally entered a plea of not guilty. CR Doc. 22. He later entered into a plea agreement with the government. CR Doc. 36. The written plea agreement, signed by movant and his counsel, included the following provisions: count two of the indictment, to which movant was pleading guilty, would subject Movant to a term of imprisonment of not less than ten years or more than life, *id.* at 2; the sentence would be imposed by the Court after consideration of the sentencing guidelines; Movant had reviewed the guidelines with his attorney and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case, *id.* at 3; the sentence was wholly within the Court's discretion, *id.*; there were no guarantees or promises from anyone as to what sentence the Court would impose, *id.* at 5; Movant waived his right to appeal and waived his right to otherwise challenge his sentence in any collateral proceeding except to appeal a sentence exceeding the statutory maximum or an arithmetic error, to challenge the voluntariness of the plea, and to bring a claim of ineffective assistance of counsel. *Id.* at 5–6. Movant and his counsel also signed a factual resume setting forth the elements of the offense alleged in count two of the indictment and the stipulated facts establishing that Movant had committed that offense. CR Doc. 38.

On August 21, 2019, Movant appeared for re-arraignment. CR Doc. 47. He and his counsel signed a notice consenting to the United States Magistrate Judge conducting the

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 1:19-CR-070-P.

proceedings. CR Doc. 48. Movant testified under oath that: he had discussed the guidelines with his attorney and understood that no one would predict the outcome of the Court's consideration of the guidelines in his case; he had had a full opportunity to discuss the case with his attorney and was satisfied with his attorney's representation and advice; he had read the indictment and understood the charges against him; he committed each of the elements of the offense; no one had threatened him or made any promises to persuade him to plead guilty; he had read, reviewed with his attorney, understood, and signed the plea agreement; he voluntarily waived his right to appeal; he understood that he faced a sentence of at least ten years and not more than life in prison; he had read, discussed with his attorney, and understood the factual resume before signing it and the facts set forth therein were true and correct. CR Doc. 89. The Magistrate Judge found that the plea was knowing and voluntary and recommended that it be accepted. *Id.* at 18–19; CR Doc. 49. No objections were filed, and the Court accepted the plea. CR Doc. 55.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 36. CR Doc. 66, ¶ 33. He received a two-level enhancement for possession of a machete and an AR-15. *Id.* ¶ 34. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 40, 41. Based on a total offense level of 35 and a criminal history category of VI, the guideline imprisonment range was 292 to 365 months. *Id.* ¶ 117. Movant filed objections, CR Doc. 87, and the probation officer prepared an addendum to the PSR. CR Doc. 104.

On December 10, 2019, Movant appeared for sentencing. CR Doc. 112. The Court overruled the objections to the PSR and sentenced Movant to a term of imprisonment of

292 months, at the bottom of the guideline range. CR Doc. 128; CR Doc. 117. Movant appealed, CR Doc. 115, and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). His counsel's motion to withdraw was granted and the appeal was dismissed as presenting no non-frivolous issue. *United States v. Stadler*, 807 F. App'x 363 (5th Cir. 2020).

## GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. *First*, he says he received ineffective assistance of counsel because his attorney did not challenge the drug quantity or the dangerous weapon enhancement and did not explain the sentencing process. Doc.[2] 1 at PageID[3] 4. *Second*, he alleges prosecutorial misconduct. *Id.* at PageID 5. *Third*, he alleges that he was denied effective assistance of counsel on appeal. *Id.* at PageID 7. And, *fourth*, he alleges that his plea was involuntary. *Id.* at PageID 8.

## APPLICABLE LEGAL STANDARDS

**A.    § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten numbers on the form used by Movant are not the actual page numbers of the document and because Movant has attached additional pages to the form motion.

4

constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B.   Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different

result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, movant alleges that he received ineffective assistance of counsel. In support, he points to three alleged deficiencies. *First*, he says that his attorney failed to object to the drug quantity beyond the weight the subject of the count to which he pleaded guilty. *Second*, his attorney allowed the AR-15 to be considered in the PSR even though it was not part of the count to which he pleaded guilty. And, *third*, his attorney failed to admonish him about factors that might warrant a sentence outside the guidelines. Doc. 1 at PageID 4.

Movant's first and second complaints are belied by the record. Counsel filed objections as to drug quantity and to the dangerous weapon enhancement. CR Doc. 87. In any event, Movant has not shown that the calculation was incorrect or that the enhancement should not have applied. His conclusory allegations are insufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Ross v. Estelle*, 694 F.2d

1008, 1011 (5th Cir. 1983). The information in the PSR bore sufficient indicia of reliability and the Court was entitled to rely upon it. *United States v. Zuniga*, 720 F.3d 587, 590–91 (5th Cir. 2013); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). The drug quantity was a conservative estimate based on information provided by Movant himself in addition to information provided by his co-conspirators. CR Doc. 66, ¶¶ 23–27, 33. He admitted purchasing the AR-15 with drugs and cash. *Id.* ¶ 27. In addition, Movant had a machete and methamphetamine in connection with drug trafficking activities on October 24, 2018, and a co-defendant possessed a firearm during jointly undertaken drug trafficking on February 28, 2019. *Id.* The enhancement was properly applied. USSG § 2D1.1(b)(1); *United States v. Harris*, 829 F. App'x 64, 65 (5th Cir. 2020).

As for the third complaint, Movant apparently mistakenly believes that he was sentenced outside the guideline range. He was sentenced at the bottom of the guideline range. And, the Court noted that even if the guideline calculation was incorrect, the sentence imposed was sufficient but not greater than necessary and complied with the factors set forth in 18 U.S.C. § 3553(a). CR Doc. 128 at 12–15.

In his second ground, Movant alleges prosecutorial misconduct. As best the Court can tell, he is again complaining about the drug quantity attributed to him and the enhancement for the AR-15. Doc. 1 at PageID 5. The complaint is apparently that the government allowed certain information to be used in the PSR. The allegation is wholly conclusory, and Movant does not cite to any evidence to support it. As discussed, *supra*, the drug quantity was properly calculated and the enhancement properly applied. In any event, to the extent this ground might have had any merit, it should have been raised on

direct appeal and cannot be raised here. *United States v. Williamson*, 183 F.3d 4588, 462 (5th Cir. 1999).

In his third ground, Movant complains that he received ineffective assistance of counsel on appeal. Doc. 1 at PageID 7. Again, the allegation is wholly conclusory. The ground depends upon the merit of the first and second grounds, which, for the reasons discussed, are without merit. Counsel cannot have been ineffective for failing to raise meritless claims. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). In any event, the Court applies a strong presumption to the reliability of counsel's representation and the burden is on Movant to overcome that presumption. *Smith v. Robbins*, 528 U.S. 259, 286 (2000). He has made no attempt to do so.

Movant's fourth ground simply says, "Involuntary Plead of Guilty." Doc. 1 at PageID 8. As supporting facts, Movant says that there was an arithmetic error in the calculation of the drug quantity. *Id.* Obviously, he makes that allegation realizing that he waived his right to appeal and that an arithmetic error was one of the exceptions to the waiver. CR Doc. 36 at 5–6. The record establishes that there was no arithmetic error. Movant gives no explanation of how or why he contends his plea was involuntary. The ground appears to be a complaint about misapplication of the guidelines, which is not cognizable here. *Williamson*, 183 F.3d at 462. Moreover, if Movant contended his plea was involuntary, he should have raised that issue on direct appeal and cannot raise it now. *Bousley v. United States*, 523 U.S. 614, 621 (1998). He makes no attempt to show cause and prejudice for the failure to do so. *Shaid*, 937 F.2d at 232.

8

As the Court found, Movant's plea was knowing, voluntary, and intelligent. He has made no attempt to show otherwise.

## ORDER

The court **ORDERS** that the relief sought by Movant in his motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Movant has not made a substantial showing of the denial of a constitutional right.

**SIGNED** June 14, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

9